**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2052
_____

JEFFREY M. BELLO,
Appellant

v.

UNITED PAN AM FINANCIAL CORPORATION,
DBA United Auto Credit Corporation

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:19-cv-09118)
District Judge: Honorable Christine P. O'Hearn

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 17, 2025

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: January 23, 2025)

_____

---

OPINION[*]

---

PER CURIAM

Pro se appellant Jeffrey Bello appeals the District Court's grant of summary judgment for his former employer, United PanAm Financial Corporation, d/b/a United Auto Credit Corporation ("UACC"), on his disability discrimination and retaliation claims under the New Jersey Law Against Discrimination ("NJLAD"). For the reasons that follow, we will affirm the District Court's judgment.

I.

In January 2016, UACC hired Bello as an Area Manager for its Philadelphia region.[1] Bello's work consisted of providing customer service to car dealerships and developing business in his region. In August 2016, Bello sent a frustrated email to a co-worker and copied other employees and his supervisor, David Cevasco; Cevasco advised him that he should have handled the situation differently. In October 2016, Bello sent a chain of sarcastic, angry emails regarding travel expenses to several employees and Cevasco. Bello sent another harsh email in November 2016 to a co-worker, after which Cevasco again counseled him that his tone was unwarranted and noting that they had had repeated conversations about Bello's communications.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write primarily for the parties, we will recite only the facts necessary for this discussion. These facts are undisputed unless otherwise noted.

Bello sent several more emails in December 2016 that were hostile, sarcastic, or disparaging to his co-workers. Around this time, Bruce Newmark, the Acting Director of Human Resources at the time, began reviewing Bello's performance and expressed concern to Cevasco about whether Bello was making enough visits to dealers, based on GPS tracking data.

On December 27, 2016, Bello wrote to the human resources manager that he was not getting on the road by 10AM because chemicals emissions in his vehicle in March and June 2016 had made him feel ill, particularly in the morning. He requested an accommodation to be able to continue to work. On December 30, 2016, Bello had a meeting with Newmark, Cevasco, and the human resources director. During the meeting, Bello requested a later, flexible start time as an accommodation, which Newmark granted. Newmark also told Bello to stop his confrontational emails and instead communicate professionally, which Bello stated that he would do. However, in late January 2017, Bello sent another sarcastic email, as well as several more hostile emails in February 2017.

Bello was terminated in March 2017. He was told that the reason for his termination was his abrasive communications with company staff, despite repeated counseling and warnings about the issue. Bello maintains that he was terminated because of medical issues he was experiencing.

In 2019, Bello filed a case in New Jersey state court, bringing NJLAD claims against UACC. UACC removed the case to federal court pursuant to 28 U.S.C. § 1332. After Bello amended his complaint and discovery was complete, the parties moved for summary

3

judgment. The District Court granted summary judgment in favor of UACC. Bello timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment to UACC. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.

After careful review of the record and the parties' arguments, we agree with the District Court that summary judgment for UACC was properly granted.[2] Claims of disparate treatment raised under the NJLAD are analyzed under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Viscik v. Fowler Equip. Co.*, 800 A.2d 826, 833 (N.J. 2002). If a plaintiff can establish a prima facie case of discrimination, the burden shifts to the defendant "to provide a legitimate, non-discriminatory reason for its actions." *See Fowler v. AT & T, Inc.*, 19 F.4th 292, 299 (3d Cir. 2021). If it does, the burden shifts back to the plaintiff to provide evidence that this reason was pretext for

---

[2] Because we conclude that Bello's NJLAD claims are meritless, we need not address the District Court's conclusion that the NJLAD did not apply because New Jersey was not Bello's place of employment.

4

discrimination, such that a factfinder could either "(1) disbelieve the employer's articulated legitimate reasons[,] or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* (alteration in original) (internal quotation marks omitted). To the extent that Bello claimed retaliatory discharge for requesting an accommodation, he also had to show that UACC's "articulated reason [was] a pretext for . . . retaliation." *See Jamison v. Rockaway Twp. Bd. of Educ.*, 577 A.2d 177, 182 (N.J. Super. Ct. App. Div. 1990).

Even assuming, without deciding, that Bello could establish a prima facie showing of discrimination or retaliation, he failed to rebut UACC's proffered reason for his termination. The record demonstrates that Bello repeatedly sent harshly worded emails to his co-workers and superiors at UACC. These communication issues predated his request for an accommodation to his schedule, which was granted three days after the request was made. Despite being repeatedly counseled to change the way he communicated and agreeing to do so, Bello continued to send harsh emails until his employment was terminated.

This record does not support a finding that UACC was motivated by discriminatory or retaliatory intent in firing Bello, rather than its stated reason. Bello's belief that he was fired for some other reason is not sufficient to survive summary judgment.[3] *See Fuentes v.*

---

[3] In the District Court, Bello maintained that UACC had other reasons for firing him by pointing to his subsequent unemployment benefit proceedings. The New Jersey Department of Labor awarded him unemployment benefits and stated in its notice of determination that Bello was fired for a personality conflict. That conclusion is not inconsistent with the reason he was given when he was fired. Bello also contended that UACC wanted to fire him in December 2016 and discussed various actions that Newmark and Cevasco took in the days after Bello made his request for an accommodation. However, the record shows that Bello's request was granted three days after he made it and that he was given specific

*Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (requiring plaintiffs to "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence'") (emphasis omitted) (citation omitted). Under these circumstances, no reasonable factfinder could conclude that discriminatory or retaliatory intent was the reason for Bello's termination.[4]

Finally, the District Court did not err in denying Bello's motion to strike. Bello's disagreement with portions of certain filings was not a basis to strike those documents.[5] *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any

---

feedback on how to improve in the way he was communicating at that time—an issue that predated his accommodation request. He was not fired until months later, after he continued to send harshly worded emails.

[4] Bello has argued that UACC continued to retaliate against him during a lawsuit he filed after he was terminated regarding the alleged chemical emission issue with his vehicle. During that litigation, Cevasco testified about the reason for Bello's termination. Cevasco testified about the same reason he gave when Bello was fired. It is not clear how this testimony affected the litigation or how this could be interpreted as a retaliatory act. *Cf. Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) (discussing in the context of Title VII how "antiretaliation provision[s] protect[] an individual not from all retaliation, but from retaliation that produces an injury or harm").

[5] Bello's appellate brief discusses a Magistrate Judge's order denying his motion to amend his complaint a second time, several years into this litigation. He did not file objections regarding this decision in the District Court and has not explained why he declined to do so. Absent exceptional circumstances, "a party that does not appeal a magistrate judge's nondispositive order to the district court waives its right to review the order in appellate court." *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 254 (3d Cir. 1998). No such circumstances have been presented here. Bello also argues that UACC should have been sanctioned for spoliation of evidence, but it appears that he had access to the evidence he was concerned with preserving, and he has not explained how it supports his discrimination or retaliation claims.

redundant, immaterial, impertinent, or scandalous matter.").

Accordingly, we will affirm the judgment of the District Court.